ROCKINGHAM, FEBRUARY TERM, 1820.

### EDMUND H. MORSE *et al. vs.* SILAS BETTON.

Where a deputy of the sheriff attached goods on a writ in favor of *A.* against *B.*, and afterwards neglected to deliver them, when legally demanded, to satisfy the execution which *A.* obtained against *B.*, it was held, that the sheriff was liable for this neglect of his deputy, although at the time it happened, neither he nor the deputy were in office.

THIS was an action of the case against the defendant, late sheriff of this county, for the default of one *Samuel G. Davis*, who had been his deputy. It was submitted to the opinion of the court, upon a case stated as follows :

Previous to the 18th of July, 1816, the plaintiffs delivered to *S. G. Davis*, then a deputy of the defendant, a writ of attachment, by them sued out against one *Benjamin Eaton*, returnable at the court of common pleas in this county, August term, 1816. On the said 18th of July, *Davis*, by virtue of the writ, attached a horse and a cow, the property of *Eaton*. The action against *Eaton* was entered at the court of common pleas, and there continued from term to term to January term, 1819, when judgment was rendered therein for the plaintiffs for $21 78, damages and costs taxed at $28 53. On the 30th of January, 1819, execution issued on the same judgment, and was delivered by the plaintiffs to one *Daniel Kimball*, a deputy sheriff, who, on the 22d of February, 1819, within thirty days after the rendition of the said judgment, demanded the said horse and cow of the said *Davis*, in order that they might be sold to satisfy the said execution ; but the said *Davis* has never delivered either the said horse or cow, and the plaintiffs' said execution still remains altogether unsatisfied. The said horse died without the said *Davis*' fault before the rendition of the said

judgment, and the defendant ceased to be sheriff of this county, by the expiration of the term for which he was appointed in November, 1818.

*French,* for the plaintiff.

*Stevens,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The only question in this case is, whether the defendant is liable for Davis's neglect to deliver the cow, which he had attached on the plaintiffs' writ against Eaton. It is not contended that there was any neglect in regard to the horse, for which the defendant can be liable. It is contended on the part of the defendant, that he is not liable for Davis's neglect to deliver the cow, because the relation of sheriff and deputy had ceased between him and Davis, at the time when the neglect took place ; and the case of *Blake vs. Shaw,*(1) is cited to support this ground. There seems to be no reason to doubt the correctness of the decision in that case. It was very properly decided, that a sheriff is not bound to deliver goods, attached to the attaching creditor ; and that a sheriff is not answerable for any neglect of his former deputy, to discharge duties imposed upon him as the deputy of another sheriff. But neither of those questions arises in this case. The authority is not then in point. The cow in question was attached by Davis as the defendant's deputy, and it was his duty to keep her until the attachment was dissolved, or she was legally demanded to satisfy the execution, which the plaintiffs obtained in the suit on which she had been attached ; and when thus demanded, it was his duty to deliver her. These duties were imposed upon Davis as the deputy of the defendant, and it seems to us impossible to doubt, that the defendant is liable for any breach of them. The duty must be imposed while the relation of sheriff and deputy exist, otherwise the sheriff is not answerable ; but if the duty be thus imposed, the sheriff will be answerable, although there be no neglect of duty, until the relation has ceased to exist. Thus if a deputy collects money upon an execution, and is then removed, if he afterwards upon demand made, neglects to pay over the

(1) 7 Mass. Rep. 505.

24

Morse et al.
*vs.*
Betton.

(1) 13 Mass.
Rep. 295.

money to the creditor, the sheriff will be liable. So, if the deputy serve a writ, and before the return day, is removed and neglect to return the writ, the sheriff will be answerable. The case of *Larned vs. Allen et al.*(1) is directly in point ; and there must be

*Judgment for the plaintiff.*